The judgment of the court was pronounced by
Slidell, J.
The defendants Hardwick, Jones and Hotchkiss, claim as purchasers of a large tract of land under three sales. The first of which was by the collector of parish taxes, on the 6th December, 1846; the second by the collector of State taxes, on the 4th January, 1847, and the third under a fieri facias in the case of Brooks v. Norris. The defendant, Taylor, is the assignee of Hotchkiss.
This suit was brought before the expiration of two years from the 6th December, 1846. The plaintiff’s allegations and prayer are in substance as follows: That the tax sales were illegal; and that the fieri facias was fraudulently issued, was illegal for various reasons specified, and insufficient to support a sale. That he had diligently endeavored to redeem the lands ; had tendered payment *676 of the amount bid at the tax sales, and what the defendants may have expended for taxes, costs and improvements ; but that they had refused to allow him to redeem, and to state what was due for costs, charges and improvements, or to render him any account thereof. He prays that the sales may be rescinded and set aside; that he be declared owner of the land; and that it be adjudged to be re-transferred to him on his paying what he is bound to pay, which he is ready to do.
There was a verdict and judgment in favor of plaintiff. The defendants have appealed.
Much of the evidence in the court below and of the arguments of counsel here have been directed to the inquiry, whether a legal tender, according to the forms prescribed in the 407th article of the Code of Practice, has been made before the lapse of two years. But in our opinion, the inquiry is not decisive of the controversy. This conclusion we derive from a just construction of the act of 1845, especially when considered in reference to the circumstances of this ease.
The act, afler providing for the seizure and sale of property in the case of non-payment of the taxes, contains the following saving clause in favor of the proprietor: “The sheriff or collector, as the case may be, shall execute a-deed to the purchaser, and the owners of the property sold shall have a right to redeem the same at any time within two years from the date of the sale, by paying the price for which the property sold to the purchaser, with all costs and charges, and improvements, and eight per cent per annum interest. And in case the purchaser should be absent from the parish, the owner shall have the right to deposit the amount with the parish judge or treasurer, and taking a receipt for the same; which payment shall operate a re-investment of the title in the original owner, which power of redemption shall extend to slaves as well as land.” This act is manifestly conceived in a spirit of liberality and mercy to the proprietor whose land is sold for taxes. He is to have two years in which to come forward and redeem, and this upon the equitable condition of paying the purchaser the price, with all costs and charges, improvements, and eight per cent interest. The buyer at the tax sale buys subject to this condition; and, as must almost invariably happen, at a very low rate. Now what is it which the proprietor is to pay ? If it were only the price paid by the buyer and interest, it would be something specific and certain, and there would be perhaps no reasonable excuse for not making a legal tender of it. But there are other charges which from their nature are unknown to the proprietor, and lie peculiarly within the purchaser’s knowledge. Such are the payments and expenditures he has made since the purchase for improvements. Now, it would be a hard construction of the law to put the creditor’s right to redeem upon the condition precedent of a legal tender of a sum of money sufficient to pay charges which he has not the means of ascertaining. It seems to us the letter and spirit of the law are satisfied by a declaration of the proprietor that he desires to redeem, an offer to the purchaser to pay him the price, costs, charges, improvements and interest upon his rendering an account of them, and a suit within two years by the proprietor upon the purchaser declining to give him the necessary information.
Such was substantially the position of the plaintiff in this case. He evidently made serious and diligent efforts to ascertain what was fairly due to the purchaser, and was met on their part by a course of conduct which manifested a disposition to frustrate his efforts to redeem. There is no equity in this defence, and is not warranted either by the letter or the spirit of the statute.
*677 The defendants do not appear to to have placed much reliance upon the sale under thejfieri facias. Without noticing the other objections raised to its validity, it is sufficient to say that the fieri facias issued for costs after a previous writ had been returned satified. If by mistake a portion of the costs had been omitted, there should have been some proceeding contradictorily with the judgment debtor, or at least judicial action to ascertain the costs and order their collection.
The judgment of the lower court is erroneous in not allowing the defendants the amounts proved to have been paid by them, and should in that particular be amended.
It is therefore decreed, that the judgment of the lower court be amended, so that defendants recover of plaintiff the sum of four hundred and forty-nine dollars and twenty-five cents, and otherwise affirmed; the appellee to pay the costs of this appeal.